IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MIDTOWN SCOUTS SQUARE | § | CASE NO. 13-32920-H5 |
| PROPERTY, LP | § | |
| | § | |
| MIDTOWN SCOUTS SQUARE, LLC | § | CASE NO. 13-32924-H4 |
| | § | |
| | § | (Chapter 11) |
| DEBTORS. | § | Joint Administration Requested |
| | § | Judge Brown |

**DEBTORS' EMERGENCY MOTION TO APPROVE**
**MODIFICATION TO PLAN OF REORGANIZATION**
(Related to Doc. Nos. 147 & 202)
**************************************************************************

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**EMERGENCY RELIEF HAS BEEN REQUESTED. THE COURT WILL CONSIDER WHETHER TO CONSIDER THIS MOTION ON AN EMERGENCY BASIS ON OCTOBER 28, 2014, AT 9:30 AM IN COURTROOM 403, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TX 7002.  IF EMERGENCY CONSIDERATION IS GRANTED, THE COURT MAY IMMEDIATELY PROCEED WITH THE HEARING.**

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

**************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Midtown Scouts Square Property, LP and Midtown Scouts Square, LLC (collectively "Debtors" or "Movants"), hereby moves this Court on an emergency basis, pursuant to 11 U.S.C. §1127 for an order approving the Modification to the Plan of Reorganization (the "Modification") [Docket No. 202], attached hereto as Exhibit "A."  The grounds for this Motion are as follows:

### Emergency Basis

1. The primary reason for the filing of this motion is because the Debtors desire to modify the Plan to reflect the agreement reached between the Debtors and its secured lender regarding treatment of the secured lender's claim.  The confirmation hearing on the Chapter 11 Plan of Reorganization is scheduled for October 28, 2014, at 9:30 a.m.  The Modification must be approved before the Chapter 11 Plan can be confirmed. Approval of the Modification will result in a consensual plan with all creditors voting in favor of the Plan, except for the Richey Family Limited Partnership, Ltd.  Debtors request that the hearing on this motion be set at the same date and time as the hearing on confirmation.

### I.     Jurisdiction and Venue

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § § 157 and 1334.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2) and Venue of the Debtor's Chapter 11 case is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2).

### II.     Background

4. The above captioned Chapter 11 bankruptcy case was filed on May 9, 2013 ("Petition Date"), under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").

5. On May 13, 2014, the Debtors filed its Disclosure Statement (the "Disclosure Statement") [Docket No. 148] and Plan of Reorganization (the "Plan") [Docket No. 147]. Debtors filed a Supplement to its Disclosure Statement [Docket No. 160] on July 9, 2014. On July 14, 2014, the Court issued an Order Approving the Disclosure Statement and setting a hearing on Plan confirmation.

6. On July 16, 2014, the Debtor served (i) the Disclosure Statement [Docket #148], Supplement to Debtor's Disclosure Statement [Docket #160], and Debtors' Joint Chapter 11 Plan of Reorganization ([Docket #147], the Plan attached as Exhibit "A" to the Disclosure Statement); (ii) Order Approving Disclosure Statement as Supplemented, Authorizing Debtors to Solicit Votes and Setting Confirmation Hearing (and related deadlines) [Docket #166]; and (iii) Chapter 11 Ballot with which to vote on the Plan [Docket No. 168].

### III. Summary of Modifications

Section 4.4 shall be modified and superseded as follows:

Class 4.4    Allowed Claim of Mercantile Capital Corporation / 504 SBA Loan.

> 4.4.1 Classification:  Class 4 consists of the Allowed Secured Claim of Mercantile Capital Corporation (the "Interim Lender") in the amount of $3,350,400.00 (the "Mercantile Loan"), which is eligible to be converted to a permanent SBA financing. Pursuant to the Eighth Note Modification, the current maturity date of the Mercantile Loan is April 5, 2016 (the "Mercantile Maturity Date").

> 4.4.2 Treatment.  Either before or as soon as practical after the Effective Date, the Reorganized Debtors, together with the cooperation of the CDCC and the Interim Lender, shall attempt to secure funding of the 504 SBA loan (the "504 Loan") in the amount of no less than $3,376,000, the proceeds of which shall be used to pay the Interim Lender in full.  The Interim Lender agrees to cooperate with the Reorganized Debtors and the CDCC with respect to seeking extensions of the SBA eligibility of the 504 Loan.  In addition, subject to approval by the SBA and Interim Lender, the 504 Loan shall be reflected by a promissory note payable over 20 years with interest to accrue at 4% (or the rate determined for an SBA debenture), and shall be secured by a second lien and deed of trust on the Office Building pursuant to the terms of the pre-petition Authorization for Debenture Guarantee between the Debtors and the SBA.  Until such time as the 504 Loan is approved and funded and the Interim Lender is paid

in full, the Debtors shall make all regular payments, including the reasonable fees and expenses of Mercantile incurred in these Chapter 11 cases as an over-secured creditor and otherwise comply with the applicable loan documents.

During the time the Debtor seeks approval of the 504 Loan and by agreement of the Debtor and Interim Lender, the Debtor shall continue to make payments to the Interim Lender pursuant to the Eighth Note Modification. In the event any court of competent jurisdiction finds that the Richey Group holds collectively a 27% interest in the Debtor, then Mercantile reserves the right to require the Richey Parties to execute guarantees of the Mercantile Loan to both Mercantile and/or the SBA as an additional condition for the extension of the maturity date.

In the event the SBA declines any extensions requested by the Reorganized Debtors, declines the 504 SBA loan or the Mercantile Loan cannot be submitted to the SBA for any reason, including a material change in circumstances, then upon receiving notification from the SBA or CDCC, the Debtors shall commence making principal and interest payments based on a twenty (20) year amortization schedule to the Interim Lender on the next due date and for each month thereafter until the Mercantile Loan matures on its own terms or the Debtors find replacement financing to payoff the Mercantile Loan. If the Mercantile Loan is not paid in full by the Mercantile Maturity Date, including the Interim Lender's fees and costs, the Interim Lender can exercise its rights under the applicable loan documents and Second Deed of Trust.

Class 4 Claim is impaired.

### IV.   Legal Background

7.   The Bankruptcy Code specifically envisions that a plan proponent may modify the plan prior to confirmation. Specifically, 11 U.S.C. §1127(a) states:

> (a) The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.

8.   Case law further holds that the plan proponent's right to amend is liberally construed. See *In re FCX, Inc.* 853 F2d 1149, (4th Cir, 1988), *cert. denied* 489 US 1011 (1989) (modification permitted, even assuming "requirements for formal plan modification were not rigidly complied with").

9. *Bankruptcy* Rule 3019(a) also governs pre-confirmation plan modifications and provides as follows:

> (a) Modification of plan before confirmation. In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. <u>If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.</u>

10. The underlined portion of Rule 3019(a) indicates that the Court may approve a plan modification so long as it does not adversely change the treatment of any creditor or equity security holder who has not accepted such change. Here, the Modification only impacts the treatment of the Class 4 creditor to reflect the agreement reached by the parties. It does not impact the payment terms for any other Allowed Claims. The claims of creditors who are not addressed in the Modification are completely unchanged. Therefore, the Movant submits that the Modification should be approved and that the creditors who have already voted on the plan should be deemed to have accepted the Modification.

11. The issue concerning when a modification requires additional disclosure and a new vote was discussed at length in the landmark case of *In re American Solar King Corp.*, 90 B.R. 808, 823 (Bankr. W.D. Tex. 1988). There, the Court dealt with a situation where stock was going to be distributed, but the modification provided for some minor dilution of the actual equity interests to be received. In determining whether this modification should be permitted without requiring additional disclosure and solicitation, Judge King stated:

> Section 1127(c) requires that all modifications satisfy the adequacy-of-disclosure concerns of Section 1125. 11 U.S.C. § 1127(c). This does not necessarily mandate

> the preparation of a new disclosure statement and resolicitation of the plan, however. See H.R.Rep. No. 595, 95th Cong, 1st Sess 411 (1977) ("if the modification were sufficiently minor, the court might determine that additional disclosure was not required"); 5 Collier on Bankruptcy, para 1127.03, p. 1127-6 (15th ed. 1987) ("a new disclosure statement is not required in every case where a modification is requested"). Further disclosure occurs only when and to the extent that the debtor intends to solicit votes from previously dissenting creditors or when the modification materially and adversely impacts parties who previously voted for the plan. The modification here proposed does not of itself contemplate further solicitation of classes or claimants, so our focus shifts to the materiality of the modification.

*Id* at 823. In determining whether a modification is material, Judge King adopted the following definition:

> A modification is *material* if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance.8 *Collier on Bankruptcy,* para. 3019.03, p. 3019-3(15th ed. 1987). The severity of the modification need not be such as would motivate a claimant to *change* their vote--only that they would be apt to *reconsider* acceptance. A modification which is not likely to trigger such reconsideration *de facto* satisfies Section 1125 disclosure requirements.

*Id* at 824.

12. Judge King determined that the stock dilution in that case would be at most 1%. Based on the foregoing concepts and definitions, Judge King found that:

> A dilution of less than one percent (1%) is thus the outcome of the modification, a dilution which this court finds to be so small that no previously assenting creditor would be motivated to reconsider their vote because of it. Because the modification would not trigger reconsideration, the requisites of Section 1127(c) are satisfied by the existing disclosure statement.

*Id.*

13. The Plan Proponents submit that this Modification is even less material than *Solar King* since the creditors not treated in the Modification are receiving the exact same treatment as reflected in the Disclosure Statement and Plan. The only creditor affected by the Modification is Mercantile Capital Corporation and it has agreed to and requested the Modification. As a result, no creditor who has already voted in favor of the Plan would bother to reconsider its vote.

14. The Plan Proponents therefore ask that the Court deem the Modification non-material and otherwise approve it. In addition, the Court should find under Bankruptcy Rule 3019, that all creditors who have already accepted the Plan shall be deemed to accept the Modification.

WHEREFORE, the Plan Proponent prays that:

1. The Court finds that the Modification does not adversely affect the treatment of any creditor who has not already accepted the change.

2. The Court determines that the Modification shall be deemed to be accepted by all creditors and equity security holders who have previously accepted the plan.

3. The Court grants such other and further relief as is just and proper.

Dated: October 23, 2014

        Respectfully submitted,

        HOOVER SLOVACEK LLP

        By: __/s/_*Edward L. Rothberg*_____
            EDWARD ROTHBERG
            State Bar No. 17313990
            T. JOSH JUDD
            State Bar No. 24036866
            Galleria Tower II
            5051 Westheimer, Suite 1200
            Houston, Texas 77056
            Telephone: (713) 977-8686
            Facsimile: (713) 977-5395

        ATTORNEYS FOR DEBTORS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the Debtors' Motion to Modify Plan was served on October 23, 2014, by ECF notice to the parties below.

By:    */s/ Edward L. Rothberg*
       EDWARD L. ROTHBERG

**13-32920 Notice will be electronically mailed to:**

Annie E Catmull on behalf of Counter-Claimant Midtown Scouts Square Property, LP
catmull@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,catmullannie@gmail.com,ray@hooverslovacek.com

Annie E Catmull on behalf of Counter-Claimant Midtown Scouts Square, LLC
catmull@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,catmullannie@gmail.com,ray@hooverslovacek.com

Annie E Catmull on behalf of Debtor Midtown Scouts Square Property, LP
catmull@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,catmullannie@gmail.com,ray@hooverslovacek.com

Annie E Catmull on behalf of Debtor Midtown Scouts Square, LLC
catmull@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,catmullannie@gmail.com,ray@hooverslovacek.com

Annie E Catmull on behalf of Defendant Midtown Scouts Square, LLC
catmull@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,catmullannie@gmail.com,ray@hooverslovacek.com

Annie E Catmull on behalf of Plaintiff Midtown Scouts Square Property, LP
catmull@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,catmullannie@gmail.com,ray@hooverslovacek.com

Tara L Grundemeier on behalf of Creditor Harris County
houston_bankruptcy@publicans.com

Lisa M Hedrick on behalf of Creditor Bank Of Houston
lisa.hedrick@arlaw.com, vicki.owens@arlaw.com;craig.wilcox@arlaw.com

Lisa M Hedrick on behalf of Defendant Bank Of Houston
lisa.hedrick@arlaw.com, vicki.owens@arlaw.com;craig.wilcox@arlaw.com

Ellen Maresh Hickman on behalf of U.S. Trustee US Trustee
ellen.hickman@usdoj.gov

Jennine Hovell-Cox on behalf of Creditor AmeriPower, LLC
hovellcoxlaw@hotmail.com, hovellcox@aol.com

Yolanda M Humphrey on behalf of Creditor Midtown Management District
houbank@pbfcm.com, tpope@pbfcm.com;yhumphrey@ecf.inforuptcy.com

Peter Johnson on behalf of Interested Party Richey Family Limited Partnership, Ltd.
pjohnson@pjlaw.com, msawyer@pjlaw.com

Peter Johnson on behalf of Plaintiff Richey Family Limited Partnership, Ltd.
pjohnson@pjlaw.com, msawyer@pjlaw.com

Peter Johnson on behalf of Plaintiff L.E. Richey
pjohnson@pjlaw.com, msawyer@pjlaw.com

Peter Johnson on behalf of Plaintiff Todd Richey
pjohnson@pjlaw.com, msawyer@pjlaw.com

T. Josh Judd on behalf of Debtor Midtown Scouts Square Property, LP
judd@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,welborn@hooverslovacek.com

T. Josh Judd on behalf of Debtor Midtown Scouts Square, LLC
judd@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,welborn@hooverslovacek.com

T. Josh Judd on behalf of Defendant Midtown Scouts Square, LLC
judd@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,welborn@hooverslovacek.com

T. Josh Judd on behalf of Plaintiff Midtown Scouts Square Property, LP
judd@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,welborn@hooverslovacek.com

John S Mayer on behalf of Creditor Bank Of Houston
jmayer@rossbanks.com

D. John Neese, Jr. on behalf of Counter-Claimant Midtown Scouts Square Property, LP
jneese@hmgllp.com

D. John Neese, Jr. on behalf of Debtor Midtown Scouts Square Property, LP
jneese@hmgllp.com

D. John Neese, Jr. on behalf of Debtor Midtown Scouts Square, LLC
jneese@hmgllp.com

D. John Neese, Jr. on behalf of Defendant Midtown Scouts Square, LLC
jneese@hmgllp.com

D. John Neese, Jr. on behalf of Defendant Atul Lucky Chopra, M.D.
jneese@hmgllp.com

D. John Neese, Jr. on behalf of Plaintiff Midtown Scouts Square Property, LP
jneese@hmgllp.com

Edward L Rothberg on behalf of Debtor Midtown Scouts Square Property, LP
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com,bankruptcy1@hooverslovacek.com,thanos@hooverslovacek.com;hsllpbankruptcy@gmail.com

Edward L Rothberg on behalf of Debtor Midtown Scouts Square, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com,bankruptcy1@hooverslovacek.com,thanos@hooverslovacek.com;hsllpbankruptcy@gmail.com

Edward L Rothberg on behalf of Defendant Midtown Scouts Square, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com,bankruptcy1@hooverslovacek.com,thanos@hooverslovacek.com;hsllpbankruptcy@gmail.com

Edward L Rothberg on behalf of Plaintiff Midtown Scouts Square Property, LP
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com,bankruptcy1@hooverslovacek.com,thanos@hooverslovacek.com;hsllpbankruptcy@gmail.com

Carl O Sandin on behalf of Creditor Midtown Management District
csandin@pbfcm.com, tpope@pbfcm.com;csandin@ecf.inforuptcy.com

Owen Mark Sonik on behalf of Creditor Midtown Management District
osonik@pbfcm.com, tpope@pbfcm.com;osonik@ecf.inforuptcy.com;houbank@pbfcm.com

Richard L Tate on behalf of Counter-Defendant Richey Family Limited Partnership, Ltd.
rltate@tate-law.com, beben@tate-law.com;tdavey@tate-law.com;cboden@tate-law.com;kreis@tate-law.com;svida@tate-law.com

Richard L Tate on behalf of Counter-Defendant L.E. Richey
rltate@tate-law.com, beben@tate-law.com;tdavey@tate-law.com;cboden@tate-law.com;kreis@tate-law.com;svida@tate-law.com

Richard L Tate on behalf of Counter-Defendant Todd Richey
rltate@tate-law.com, beben@tate-law.com;tdavey@tate-law.com;cboden@tate-law.com;kreis@tate-law.com;svida@tate-law.com

Richard L Tate on behalf of Interested Party Richey Family Limited Partnership, Ltd.
rltate@tate-law.com, beben@tate-law.com;tdavey@tate-law.com;cboden@tate-law.com;kreis@tate-law.com;svida@tate-law.com

Richard L Tate on behalf of Plaintiff Richey Family Limited Partnership, Ltd.
rltate@tate-law.com, beben@tate-law.com;tdavey@tate-law.com;cboden@tate-law.com;kreis@tate-law.com;svida@tate-law.com

Richard L Tate on behalf of Plaintiff L.E. Richey
rltate@tate-law.com, beben@tate-law.com;tdavey@tate-law.com;cboden@tate-law.com;kreis@tate-law.com;svida@tate-law.com

Richard L Tate on behalf of Plaintiff Todd Richey
rltate@tate-law.com, beben@tate-law.com;tdavey@tate-law.com;cboden@tate-law.com;kreis@tate-law.com;svida@tate-law.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MIDTOWN SCOUTS SQUARE** | § | CASE NO. 13-32920 |
| **PROPERTY, LP** | § | (Chapter 11) |
| | § | |
| **MIDTOWN SCOUTS SQUARE, LLC** | § | |
| | § | |
| | § | |
| **DEBTORS.** | § | Jointly Administered |
| | § | Judge Brown |

**DEBTORS' MODIFICATION TO THE JOINT PLAN OF REORGANIZATION
PURSUANT TO 1127 OF THE BANKRUPTCY CODE**

TO THE UNITED STATES BANKRUPTCY COURT, CREDITORS AND PARTIES IN INTEREST:

Pursuant to Section 1127 of the Bankruptcy Code, the Debtors hereby submits the following Modification to the Chapter 11 Joint Plan of Reorganization filed on May 13, 2014 ("Plan") (Doc. # 147):

    **I.**    **Modification to Article 4.4.**

**Section 4.4 shall be modified and superseded as follows:**

Class 4.4    <u>Allowed Claim of Mercantile Capital Corporation / 504 SBA Loan</u>.

    4.4.1 <u>Classification</u>: Class 4 consists of the Allowed Secured Claim of Mercantile Capital Corporation (the "Interim Lender") in the amount of $3,350,400.00 (the "Mercantile Loan"), which is eligible to be converted to a permanent SBA financing. Pursuant to the Eighth Note Modification, the current maturity date of the Mercantile Loan is April 5, 2016 (the "Mercantile Maturity Date").

    4.4.2 <u>Treatment</u>. Either before or as soon as practical after the Effective Date, the Reorganized Debtors, together with the cooperation of the CDCC and the Interim Lender, shall attempt to secure funding of the 504 SBA loan (the "504 Loan") in the amount of no less than $3,376,000, the proceeds of which shall be used to pay the Interim Lender in full. The Interim Lender agrees to cooperate with the Reorganized Debtors and the CDCC with respect to seeking

extensions of the SBA eligibility of the 504 Loan. In addition, subject to approval by the SBA and Interim Lender, the 504 Loan shall be reflected by a promissory note payable over 20 years with interest to accrue at 4% (or the rate determined for an SBA debenture), and shall be secured by a second lien and deed of trust on the Office Building pursuant to the terms of the pre-petition Authorization for Debenture Guarantee between the Debtors and the SBA. Until such time as the 504 Loan is approved and funded and the Interim Lender is paid in full, the Debtors shall make all regular payments, including the reasonable fees and expenses of Mercantile incurred in these Chapter 11 cases as an over-secured creditor and otherwise comply with the applicable loan documents.

During the time the Debtor seeks approval of the 504 Loan and by agreement of the Debtor and Interim Lender, the Debtor shall continue to make payments to the Interim Lender pursuant to the Eighth Note Modification (attached hereto). In the event any court of competent jurisdiction finds that the Richey Group holds collectively a 27% interest in the Debtor, then Mercantile reserves the right to require the Richey Parties to execute guarantees of the Mercantile Loan to both Mercantile and/or the SBA as an additional condition for the extension of the maturity date.

In the event the SBA declines any extensions requested by the Reorganized Debtors, declines the 504 SBA loan or the Mercantile Loan cannot be submitted to the SBA for any reason, including a material change in circumstances, then upon receiving notification from the SBA or CDCC, the Debtors shall commence making principal and interest payments based on a twenty (20) year amortization schedule to the Interim Lender on the next due date and for each month thereafter until the Mercantile Loan matures on its own terms or the Debtors find replacement financing to payoff the Mercantile Loan. If the Mercantile Loan is not paid in full by the Mercantile Maturity Date, including the Interim Lender's fees and costs, the Interim Lender can exercise its rights under the applicable loan documents and Second Deed of Trust.

Class 4 Claim is impaired.

# EIGHTH NOTE MODIFICATION

**THIS EIGHTH NOTE MODIFICATION**, made as of this date of October 2, 2014, by **MIDTOWN SCOUTS SQUARE PROPERTY, LP, a Texas Limited Partnership**, whose address is 1911 Bagby, Houston, Texas 7002-8594 (the "Maker"), is to be attached to and made a part of that certain Promissory Note bearing the date of January 31, 2011 (the "Note") and also that certain First Note Modification bearing the date of January 1, 2012 (the "First Modification"), and also that certain Second Note Modification bearing the date of July 30, 2012 (the "Second Modification"), and also that certain Third Note Modification bearing the date of October 4, 2012 (the "Third Modification"), and also that certain Fourth Note Modification bearing the date of April 24, 2013 (the "Fourth Modification"), and also that certain Fifth Note Modification bearing the date of August 12, 2013 (the "Fifth Modification"), and also that certain Sixth Note Modification bearing the date of March 25, 2014 (the "Sixth Modification"), and also that certain Seventh Note Modification bearing the date of July 21, 2014 (the "Seventh Modification"), each made by Maker in favor of **MERCANTILE CAPITAL CORPORATION, a Florida Corporation**, whose address is 60 North Court Avenue, Suite 300, Orlando, Florida 32801 (the "Holder") in the original principal amount of $3,350,400.00, of which $3,350,400.00 is currently outstanding.

**NOW, THEREFORE,** in consideration of the payments and requirements as outlined below, and other good and valuable consideration, it is hereby agreed that the Note is hereby modified and will henceforth read as follows:

MATURITY DATE:   April 5, 2016

The Maturity Date of the Note is being extended as set forth herein with continued monthly payments of interest only to allow ample time for Maker to resolve two lawsuits now pending against Maker in the District Court of Texas. Maker acknowledges that resolution of these two lawsuits is necessary prior to the Maturity Date so as to enable the Loan to be submitted to the United States Small Business Administration ("SBA") for debenture funding. Though the SBA has issued Authorization number 43974250-05, it is scheduled to expire on December 1, 2014. Holder agrees to make a good faith effort to secure an extension of the Authorization but makes no guarantee that an extension of the Authorization will be forthcoming. Should Maker not resolve those lawsuits in a manner consistent with enabling debenture financing to occur prior to the Maturity Date, Maker will make arrangements for alternative financing in order to retire the debt outside the SBA debenture process. Notwithstanding the foregoing, the Loan shall be due on or before the Maturity Date set forth above. In addition, should the SBA Authorization expire and not be extended, then on the 5th of the month following the notification that the extension will not be approved, the monthly payment will become $31,779.11 which will consist of a principal and interest payment based upon a 20 year amortization.

In addition to interest payments due (and potential principal and interest payments of $31,779.11 as noted above) on the Note, beginning on the fifth (5th) day of October, 2014 and continuing on the fifth (5th) day of each month thereafter, Maker shall pay to Holder:
(a)     a renewal fee of Two Thousand Seven Hundred Ninety-Two and No/100 Dollars ($2,792.00), said payments to continue monthly until the Note and all accrued interest is paid in full; and
(b)     Five Thousand and No/100 Dollars ($5,000.00) per month as and for reimbursement of Holder's legal fees incurred to date and to be incurred by Holder, said monthly payments to continue until Holder's legal expenses, now totaling $39,111.75, are paid in full.

(continued on following page)

Eighth Note Modification
Maker: Midtown Scouts Square Property, LP
Holder: Mercantile Capital Corporation
page two

1. The Maker covenants and agrees that it shall be personally liable for the repayment of all sums due under the Note, as modified by the First Modification, the Second Modification, the Third Modification, the Fourth Modification, the Fifth Modification, the Sixth Modification, the Seventh Modification, and this Eighth Modification.

2. This Modification shall be governed by and construed according to the laws of the State of Florida.

3. The remaining terms and provisions of the Note, as well as the First Modification, the Second Modification, the Third Modification, the Fourth Modification, the Fifth Modification, the Sixth Modification, and the Seventh Modification, if not specifically amended hereby, shall remain in full force and effect as if more fully set forth herein.

4. By their signatures hereto, Guarantors, jointly and severally, approve the matters set forth herein and in each of the prior Note Modifications as described above, and reaffirm their respective written Guaranties of the Note, as modified.

**IN WITNESS WHEREOF**, the undersigned has caused this Note Modification to be executed as of the date above first written.

MAKER:
MIDTOWN SCOUTS SQUARE PROPERTY, LP,
a Texas Limited Partnership
by: Midtown Scouts Square, LLC,
a Texas Limited Liability Company,
as General Partner

by: (sign) _____
Lucky A. Chopra
Sole Member and also Limited Partner
(date) October 22, 2014

GUARANTORS:
Advanced Diagnostics Management, LLP,
a Texas Limited Liability Partnership;
Chopra Imaging Centers, Inc.,
a Texas Corporation;
Chopra and Associates,
a Texas Professional Association;
X-Ray X-Press Corporation,
a Texas Corporation;
L. Chopra MD, PA,
a Texas Professional Association; and
Sosa, Inc.,
a Texas Corporation

by: (sign) _____
Lucky A. Chopra
Managing Partner, President, President,
President, President, and President, respectively
*[also acknowledging individually, as Individual Guarantor]*
(date) October 22, 2014