IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                          §
                                                §
MIDTOWN SCOUTS SQUARE                           §        CASE NO.  13-32920
PROPERTY, LP                                    §        (Chapter 11)
                                                §
MIDTOWN SCOUTS SQUARE, LLC                      §
                                                §
        DEBTORS.                                §

ORDER CONFIRMING JOINT PLAN OF REORGANIZATION, AS MODIFIED,
OF MIDTOWN SCOUTS SQUARE PROPERTY, LP, AND
MIDTOWN SCOUTS SQUARE, LLC

On May 13, 2014, Debtors Midtown Scouts Square Property, LP and Midtown Scouts Square, LLC (collectively, the "Debtors"), as debtors-in-possession, filed their Joint Chapter 11 Plan of Reorganization (Doc. #147) (the "Plan"), as modified by the Modification filed on October 23, 2014 (the "Modification") (Doc. #202).  The Court set a confirmation hearing on October 28, 2014 at 9:30 a.m. (the "Confirmation Hearing").  The Debtors and their counsel appeared at the confirmation hearing at which the Court heard testimony and arguments of counsel and considered the evidence.  After considering the foregoing, the ballots, any objections filed, the evidence and testimony, and the arguments of counsel, **THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:**

## I. Background

1.      The above captioned jointly administered Chapter 11 bankruptcy cases were filed on May 9, 2013 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").

2.      The hearing on the confirmation of the Plan and Modification, and the transactions and matters set forth therein is a core proceeding pursuant to 28 U.S.C.  §§

157(b)(2)(A), (B), (F), (H), (I), (J), (L), (M) and (O). The statutory predicates for confirmation of the Plan and Modification and approval of the transactions and matters set forth therein, are 11 U.S.C. §§ 1121-1142.

3.      This Court has constitutional authority to enter a final order with respect to the confirmation of the Plan because the confirmation of the Plan is a "public right" as discussed in the United States Supreme Court's *Stern v. Marshall* decision. *See* 131 S. Ct. 2594, 2617-28 (2011).

4.      The Plan, as modified, contemplates a reorganization of the Debtors through a restructuring of their primary secured debt and stabilization of operations. The Debtor's cash from operations, along with funds advanced from Debtors' principal, Dr. Lucky Chopra, will be utilized to fund the payments proscribed in the Plan.

5.      On May 16, 2014, the Debtor served (i) the Plan, (ii) the Debtor's Disclosure Statement [Doc. 148], (iii) the Supplement to the Disclosure Statement [Doc. 160]  (iv) the Order Approving the Disclosure Statement, Authorizing Debtor to Solicit Votes and Setting Confirmation [Doc # 166]; (v) Ballots with which to vote on the Plan and (vi) Memo to all creditors and parties in interest, including plan solicitation, notice of hearing and related deadlines.

6.      On October 23, 2014, the Debtors filed the Modifications to the Plan. The Modification only impacts that treatment of the Class 4 Allowed Secured Claim of Mercantile Capital Corporation which has agreed thereto.  Thus, the Modification does not materially and adversely affect any other creditor or party in interest that has not agreed to the Modification.

7.      The Court finds that notice of the Plan, the Modification and the matters described in paragraphs five (5) and six (6) to the creditors and parties in interest of the Debtors was adequate and appropriate.

8.      The Plan and Modification are hereinafter collectively referred to as the "Plan".

9.      All objections to confirmation of the Plan have been overruled, resolved or withdrawn.

10.     The Court finds that the Debtors have satisfied the applicable provisions of 11 U.S.C. §1129(a).  The Plan complies with the applicable provisions of Sections 1122 and 1123 of the Bankruptcy Code.

11.     The Court finds that the Debtors have complied with all applicable provisions of the Bankruptcy Code.

12.     The Court finds that the Plan has been filed in good faith and not by any means forbidden by law.

13.     The Court finds that the Debtors have satisfied the applicable provisions of 11 U.S.C. §1129(b).

## II. Order

 It is therefore **ORDERED, ADJUDGED AND DECREED** that:

The above findings are incorporated herein and made the order of the Court.

14.     The terms of the Plan are appropriate and approved.

15.     The time limits provided for in the Plan are appropriate and approved.

16.     The terms of the Plan are appropriate and approved and the Plan is hereby confirmed.  A copy of the Plan and Modification are attached hereto as Exhibit 1 and 2, respectively.

17.     The Plan satisfies all applicable provisions 11 U.S.C. § 1129(a), except § 1129(a)(8).

18.     The Plan satisfies the applicable provisions of 11 U.S.C. § 1129(b).

19.     Pursuant to Article 3.1 of the Plan, any holder of an Administrative Claim against the Debtors, except the U.S. Trustee with respect to quarterly fees and for taxes and expenses incurred in the ordinary course of operating the Debtors' business, shall file proof of such Claim or application for payment of such Administrative Claim on or within sixty (60) days after entry of this Order, with actual service upon counsel for the Debtor or such Holder's Administrative Claim will be forever barred and extinguished and such Holder shall, with respect to any such Administrative Claim be entitled to no distribution and no further notices.  All pre-confirmation U.S. Trustee fees due as of the Effective Date shall be paid when due within thirty (30) days after the Effective Date.  The Reorganized Debtors shall timely pay post-confirmation fees owed to the United States Trustee and assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this Chapter 11 case.  After confirmation, the Reorganized Debtors shall file with the Bankruptcy Court and shall transmit to the United States Trustee a true and correct statement of all disbursements made by the Reorganized Debtors for each quarter, or portion thereof, that these Chapter 11 cases remains open in a format prescribed by the United States Trustee. The Reorganized Debtors shall pay all post-petition taxes in the ordinary course of business without the necessity of local governments having to file administrative claims.

20.     Except as provided otherwise in the Plan, and subject only to the occurrence of the Effective Date of the Plan, the Debtors are hereby discharged from all debts that arose before the date of the entry of this Order, including, without limitation, any debts based on the Debtors'

guarantee of collection, payment or performance of any obligation of the Debtors, and any debt of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code, other than (A) Administrative Expenses (as such term is defined in the Plan) representing liabilities incurred in the ordinary course of business by the Debtors, and (B) Administrative Expenses representing allowances of compensation or reimbursement of expenses allowed pursuant to §§ 330 and 503(b)(3) of the Bankruptcy Code, whether or not (i) a Proof of Claim based on such debt is filed or deemed filed under § 502 of the Code; (ii) such claim is allowed under § 502 of the Bankruptcy Code; or (iii) the holder of such claim has accepted the Plan.

21.     Subject only to the occurrence of the Effective Date of the Plan, any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the Debtors with respect to any debt discharged hereunder is hereby rendered null and void.

22.     Except as otherwise provided in the Plan, and subject only to the occurrence of the Effective Date of the Plan, all property of the Debtors' estates and all other property dealt with by the Plan owned by the Debtors be and hereby are vested in the Reorganized Debtors free and clear of all claims and interest of creditors of the Debtors.

23.     **Except as provided in the Plan or this Order, as of the Confirmation Date, all entities which have held, currently hold or may hold a claim or other debt or liability against the Debtors that are discharged are permanently enjoined from taking any of the following actions on account of such discharged claims, debts or liabilities or terminated interests or rights: (i) commencing or continuing in any manner, any action or other proceeding against the Debtors or their property; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or other award against the Debtors or their property; (iii) creating, perfecting or enforcing any lien or encumbrance against**

the Debtors or their property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors or their property; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the Plan.

24.     The respective affiliates, officers, directors, shareholders, members, representatives, attorneys, financial advisors, and agents of the Debtors, the Reorganized Debtors, have acted in good faith, and each of those parties are hereby forever released from and shall not be liable to any holder of a Claim, or other party with respect to any action, forbearance from action, decision, or exercise of discretion taken from the Petition Date to the Effective Date in connection with (i) the operation of the Debtors or the Reorganized Debtors; (ii) the proposal or implementation of any of the transactions provided for, or contemplated in, the Plan or the Plan Documents. All Holders of Claims shall be prohibited from asserting against the Debtors, Reorganized Debtors or any of their assets or properties, any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such Holder filed a proof of Claim.  Such prohibition shall apply whether or not (a) a proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under Section 502 of the Bankruptcy Code; or (c) the Holder of a Claim based upon such debt has accepted the Plan. This injunction also permits the Reorganized Debtors to enforce 11 U.S.C. §525(a).

25.     Pursuant to Section 13.7 of the Plan, on the Effective Date and pursuant to Section 1123(b)(3)(A) of the Bankruptcy Code, the Debtors, and to the maximum extent provided by law, its agents, release and forever discharge all claims, including acts taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination,

implementation, confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into or any other act taken or entitled to be taken in connection with the Plan or this case against the following, whether known or unknown: (i) **Atul Lucky Chopra his employees, agents, attorneys and representatives** ("Insider Released Parties"); and (ii) the Debtors' Professionals (other than for willful misconduct or if the release is otherwise restricted by the Texas Disciplinary Rules of Professional Conduct) in connection with any and all claims and causes of action arising on or before the Confirmation Date that may be asserted by or on behalf of the Debtors or the Bankruptcy Estates and/or on account of the Debtors' Cases.

26.     All rights of the holders of claims or interests of all classes under the Plan, including, without limitation, the right to receive distributions on account of such Claims or interests, shall hereinafter be limited solely to the right to receive such distributions exclusively as provided in the Plan, and, to the extent applicable, the provisions of this Order. After the date hereof, the holders of such claims or interests shall have no other or further rights against the Debtors, except as provided for in the Plan and this Order.

27.     The Debtors and the Reorganized Debtors are hereby authorized and empowered pursuant to Section 1142(b) of the Bankruptcy Code to issue, execute, deliver, file or record any documents, and to take any action necessary or appropriate, including but not limited to amending the company agreement and by-laws, to implement, effectuate and consummate the Plan, and the matters contemplated by this Order Confirming Plan, in accordance with their respective terms, whether or not specifically referred to in the Plan or any exhibit thereto and without further application to or order of this Court.  To the extent the Plan, as supplemented, provides for a creditor to release a Lien, Claim, Encumbrance or Interest, such creditor shall

execute a release of any such Lien, Claim, Encumbrance or Interest at the request of the Reorganized Debtors.

28.      Notwithstanding anything to the contrary in the Plan or this Order, no non-debtor party shall be released of any liability on a guaranty or otherwise with respect to any indebtedness owed by the Debtors; provided, however, that so long as the Reorganized Debtors are current with respect to all of their obligations under the Plan, this Confirmation Order and the related loan documents, creditors may not pursue collection of their Claims from the guarantors.

29.      Pursuant to 11 U.S.C. § 1141(a), the provisions of the Plan are binding on all parties, including, but not limited to, creditors and equity security holders of the Debtors whether or not any such creditors or equity holders have accepted the Plan.

30.      The failure specifically to include any particular provisions of the Plan in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Plan be authorized and approved in its entirety.

31.      So long as such amendments or modifications do not materially affect the interests of creditors or the interest holders, the proponent of the Plan may propose amendments or modifications to the Plan after the entry of this Order, subject to, upon notice and hearing, the approval of this Court, in order to remedy any defect or omission, or reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan.

32.      After the entry of this order, pleadings shall only be served upon the United States Trustee, and any party directly affected by the pleading and its counsel, if known (*i.e.*, claims objections need only be served upon the person who filed the claim that is subject to the objection, its counsel, if known, and the United States Trustee).

33.     To the extent the terms of this Confirmation Order differ from the terms of the Plan, this Confirmation Order shall control.

34.     This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence immediately upon the entry hereof.  Pursuant to Bankruptcy Rule 3020(e), this Confirmation Order shall be effective immediately upon its entry.

35.     The reversal or modification of this Order on appeal will not affect the acts taken pursuant to the Plan, or any other agreement, document, instrument or action authorized by this Order or under the Plan as to the Debtors or any other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

36.     This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Plan and this Order, all amendments thereto, any waivers and consents herein provided, and any agreements executed in connection herewith, (ii) to resolve any disputes arising under or related to this Order, the Plan and (iii) to interpret, implement and enforce the provisions of this Order and the Plan.


SIGNED this _____ day of October, 2014.


_____
KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE