<u>Exhibit 2</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MIDTOWN SCOUTS SQUARE | § | CASE NO. 13-32920 |
| PROPERTY, LP | § | (Chapter 11) |
| | § | |
| MIDTOWN SCOUTS SQUARE, LLC | § | |
| | § | |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | Judge Brown |

**DEBTORS' MODIFICATION TO THE JOINT PLAN OF REORGANIZATION PURSUANT TO 1127 OF THE BANKRUPTCY CODE**

TO THE UNITED STATES BANKRUPTCY COURT, CREDITORS AND PARTIES IN INTEREST:

Pursuant to Section 1127 of the Bankruptcy Code, the Debtors hereby submits the following Modification to the Chapter 11 Joint Plan of Reorganization filed on May 13, 2014 ("Plan") (Doc. # 147):

**I. Modification to Article 4.4.**

**Section 4.4 shall be modified and superseded as follows:**

Class 4.4    <u>Allowed Claim of Mercantile Capital Corporation / 504 SBA Loan</u>.

4.4.1 <u>Classification</u>: Class 4 consists of the Allowed Secured Claim of Mercantile Capital Corporation (the "Interim Lender") in the amount of $3,350,400.00 (the "Mercantile Loan"), which is eligible to be converted to a permanent SBA financing. Pursuant to the Eighth Note Modification, the current maturity date of the Mercantile Loan is April 5, 2016 (the "Mercantile Maturity Date").

4.4.2 <u>Treatment</u>. Either before or as soon as practical after the Effective Date, the Reorganized Debtors, together with the cooperation of the CDCC and the Interim Lender, shall attempt to secure funding of the 504 SBA loan (the "504 Loan") in the amount of no less than $3,376,000, the proceeds of which shall be used to pay the Interim Lender in full. The Interim Lender agrees to cooperate with the Reorganized Debtors and the CDCC with respect to seeking

extensions of the SBA eligibility of the 504 Loan. In addition, subject to approval by the SBA and Interim Lender, the 504 Loan shall be reflected by a promissory note payable over 20 years with interest to accrue at 4% (or the rate determined for an SBA debenture), and shall be secured by a second lien and deed of trust on the Office Building pursuant to the terms of the pre-petition Authorization for Debenture Guarantee between the Debtors and the SBA. Until such time as the 504 Loan is approved and funded and the Interim Lender is paid in full, the Debtors shall make all regular payments, including the reasonable fees and expenses of Mercantile incurred in these Chapter 11 cases as an over-secured creditor and otherwise comply with the applicable loan documents.

During the time the Debtor seeks approval of the 504 Loan and by agreement of the Debtor and Interim Lender, the Debtor shall continue to make payments to the Interim Lender pursuant to the Eighth Note Modification (attached hereto). In the event any court of competent jurisdiction finds that the Richey Group holds collectively a 27% interest in the Debtor, then Mercantile reserves the right to require the Richey Parties to execute guarantees of the Mercantile Loan to both Mercantile and/or the SBA as an additional condition for the extension of the maturity date.

In the event the SBA declines any extensions requested by the Reorganized Debtors, declines the 504 SBA loan or the Mercantile Loan cannot be submitted to the SBA for any reason, including a material change in circumstances, then upon receiving notification from the SBA or CDCC, the Debtors shall commence making principal and interest payments based on a twenty (20) year amortization schedule to the Interim Lender on the next due date and for each month thereafter until the Mercantile Loan matures on its own terms or the Debtors find replacement financing to payoff the Mercantile Loan. If the Mercantile Loan is not paid in full by the Mercantile Maturity Date, including the Interim Lender's fees and costs, the Interim Lender can exercise its rights under the applicable loan documents and Second Deed of Trust.

Class 4 Claim is impaired.

# EIGHTH NOTE MODIFICATION

**THIS EIGHTH NOTE MODIFICATION**, made as of this date of October 2, 2014, by **MIDTOWN SCOUTS SQUARE PROPERTY, LP, a Texas Limited Partnership**, whose address is 1911 Bagby, Houston, Texas 7002-8594 (the "Maker"), is to be attached to and made a part of that certain Promissory Note bearing the date of January 31, 2011 (the "Note") and also that certain First Note Modification bearing the date of January 1, 2012 (the "First Modification"), and also that certain Second Note Modification bearing the date of July 30, 2012 (the "Second Modification"), and also that certain Third Note Modification bearing the date of October 4, 2012 (the "Third Modification"), and also that certain Fourth Note Modification bearing the date of April 24, 2013 (the "Fourth Modification"), and also that certain Fifth Note Modification bearing the date of August 12, 2013 (the "Fifth Modification"), and also that certain Sixth Note Modification bearing the date of March 25, 2014 (the "Sixth Modification"), and also that certain Seventh Note Modification bearing the date of July 21, 2014 (the "Seventh Modification"), each made by Maker in favor of **MERCANTILE CAPITAL CORPORATION, a Florida Corporation**, whose address is 60 North Court Avenue, Suite 300, Orlando, Florida 32801 (the "Holder") in the original principal amount of $3,350,400.00, of which $3,350,400.00 is currently outstanding.

**NOW, THEREFORE**, in consideration of the payments and requirements as outlined below, and other good and valuable consideration, it is hereby agreed that the Note is hereby modified and will henceforth read as follows:

MATURITY DATE:   April 5, 2016

The Maturity Date of the Note is being extended as set forth herein with continued monthly payments of interest only to allow ample time for Maker to resolve two lawsuits now pending against Maker in the District Court of Texas. Maker acknowledges that resolution of these two lawsuits is necessary prior to the Maturity Date so as to enable the Loan to be submitted to the United States Small Business Administration ("SBA") for debenture funding. Though the SBA has issued Authorization number 43974250-05, it is scheduled to expire on December 1, 2014. Holder agrees to make a good faith effort to secure an extension of the Authorization but makes no guarantee that an extension of the Authorization will be forthcoming. Should Maker not resolve those lawsuits in a manner consistent with enabling debenture financing to occur prior to the Maturity Date, Maker will make arrangements for alternative financing in order to retire the debt outside the SBA debenture process. Notwithstanding the foregoing, the Loan shall be due on or before the Maturity Date set forth above. In addition, should the SBA Authorization expire and not be extended, then on the 5th of the month following the notification that the extension will not be approved, the monthly payment will become $31,779.11 which will consist of a principal and interest payment based upon a 20 year amortization.

In addition to interest payments due (and potential principal and interest payments of $31,779.11 as noted above) on the Note, beginning on the fifth (5th) day of October, 2014 and continuing on the fifth (5th) day of each month thereafter, Maker shall pay to Holder:
(a)     a renewal fee of Two Thousand Seven Hundred Ninety-Two and No/100 Dollars ($2,792.00), said payments to continue monthly until the Note and all accrued interest is paid in full; and
(b)     Five Thousand and No/100 Dollars ($5,000.00) per month as and for reimbursement of Holder's legal fees incurred to date and to be incurred by Holder, said monthly payments to continue until Holder's legal expenses, now totaling $39,111.75, are paid in full.

(continued on following page)

Eighth Note Modification
Maker: Midtown Scouts Square Property, LP
Holder: Mercantile Capital Corporation
page two

1. The Maker covenants and agrees that it shall be personally liable for the repayment of all sums due under the Note, as modified by the First Modification, the Second Modification, the Third Modification, the Fourth Modification, the Fifth Modification, the Sixth Modification, the Seventh Modification, and this Eighth Modification.

2. This Modification shall be governed by and construed according to the laws of the State of Florida.

3. The remaining terms and provisions of the Note, as well as the First Modification, the Second Modification, the Third Modification, the Fourth Modification, the Fifth Modification, the Sixth Modification, and the Seventh Modification, if not specifically amended hereby, shall remain in full force and effect as if more fully set forth herein.

4. By their signatures hereto, Guarantors, jointly and severally, approve the matters set forth herein and in each of the prior Note Modifications as described above, and reaffirm their respective written Guaranties of the Note, as modified.

**IN WITNESS WHEREOF**, the undersigned has caused this Note Modification to be executed as of the date above first written.

MAKER:
MIDTOWN SCOUTS SQUARE PROPERTY, LP,
a Texas Limited Partnership
by: Midtown Scouts Square, LLC,
a Texas Limited Liability Company,
as General Partner

by: (sign) _____
Lucky A. Chopra
Sole Member and also Limited Partner
(date) October 22, 2014

GUARANTORS:
Advanced Diagnostics Management, LLP,
a Texas Limited Liability Partnership;
Chopra Imaging Centers, Inc.,
a Texas Corporation;
Chopra and Associates,
a Texas Professional Association;
X-Ray X-Press Corporation,
a Texas Corporation;
L. Chopra MD, PA,
a Texas Professional Association; and
Sosa, Inc.,
a Texas Corporation

by: (sign) _____
Lucky A. Chopra
Managing Partner, President, President,
President, President, and President, respectively
*[also acknowledging individually, as Individual Guarantor]*
(date) October 22, 2014